IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Mandell Kemp, | ) | C/A No.:   1:12-1481-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Paul C. Drago; Cecilia Reynolds; Jenna McKay; Jerry Washington; Investigator Roberson; Darren Seward; Daniel Dubose; Tonya Huntley; Wayne Thompson; Derrick Mungo; Allah Brown; Lester Small; Joseph Stinnet; Pamela Hough; Ann Settlers; Luanne M. Mungo; Linda M. Coley; Linda K. Lackey; Doris A. Cooke, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Travis Mandell Kemp, brings this action pursuant to 42 U.S.C. § 1983 seeking to recover for what he contends is the defendant's deliberate indifference to his serious medical needs. He also asserts claims for alleged use of excessive force; deprivation of a special diet; failure to process his grievances; and due process violations during his disciplinary hearings.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

2

Recommendation wherein she suggests that this court should grant the defendants' motions for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation which was filed on July 15, 2013. The plaintiff moved for and was granted an extension of time within which to file objections to the Report until August 26, 2013. He has filed a 53-page objection memorandum which this court will address herein.

The Magistrate Judge has carefully reviewed the motions for summary judgment of the medical defendants (ECF No. 39 — Drago, Mungo, Coley, Lackey, and Cooke) and the officer defendants (ECF No. 50 — Reynolds, McKay, Washington, Seward, Roberson, Huntley, Thompson, Brown, Small, Mungo, Sellers, Hough, Stinnet, and Dubose). The plaintiff responded to the respective motions.

As an initial matter, the Magistrate Judge notes that the plaintiff is housed in the Special Management Unit (SMU) of the Kershaw Correctional Institution (KCI). The plaintiff contends that he requires a special diet as a result of his food allergies. He also alleges that he was twice sprayed with chemical munitions and that he did not receive immediate medical attention. As a result of these chemical munition incidents, plaintiff claims that he received disciplinary charges, was found guilty, and was not able to exhaust his administrative remedies. He seeks injunctive relief and monetary damages.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

As to his first claim that the medical defendants were deliberately indifferent to his serious medical needs in responding to his special dietary needs and medical issues, the Magistrate Judge opines that the plaintiff has not demonstrated a claim of deliberate medical indifference. She notes that the medical defendants have provided affidavits demonstrating that the plaintiff received medical treatment for all of his alleged medical issues.

In response to the motion for summary judgment, the plaintiff alleges inaccuracies in defendant Drago's affidavit. The plaintiff notes that he has been provided some form of medical treatment at least 267 times. The Magistrate Judge suggests that in light of the extensive amount of medical attention the plaintiff received from the medical defendants, the plaintiff's allegations of brief delays in medical attention do not demonstrate treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Further, the Magistrate Judge suggests that to the extent the plaintiff claims that the medical defendants' actions constituted negligence or malpractice, such claims are insufficient to state a claim under § 1983. This court agrees with the Magistrate Judge's opinion that the medical defendants' motion for summary judgment should be granted.

As to the officer defendants' motion for summary judgment, the Magistrate Judge also recommends that their motion should be granted. The plaintiff's claims against these defendants involve two incidents of alleged use of excessive force with chemical munitions; failure to accommodate his special diet, failure to process his grievances; and denial of due process during his disciplinary proceedings.

3

With regard to the two incidents where the plaintiff alleges excessive force by the officer defendants' use of chemical munitions on the plaintiff, the Magistrate Judge has carefully analyzed the claims under *Whitley v. Albers*, 475 U.S. 312 (1986) and *Wilkins v. Gaddy*, 559 U.S. 34 (2010) and finds that in the March 11, 2011 incident, the defendants' use of chemical munitions was justified.

The Magistrate Judge also opines that the April 5, 2012 incident has not been exhausted as is required under the Prison Litigation Reform Act (PLRA). While the plaintiff does not dispute that he failed to file a grievance concerning this incident, he instead claims that deficiencies in the administration rendered his available remedies inadequate. The Magistrate Judge correctly notes that this court lacks jurisdiction over the April 5, 2012 incident because the plaintiff has not exhausted it. As such, the officer defendants are entitled to summary judgment on this claim.

The Magistrate Judge opines that the plaintiff's allegations with regard to his special diet, while assumed to be true, do not show that the conditions of his confinement rise to the level of a constitutional violation under § 1983. Thus, the Magistrate Judge concludes that the officer defendants were not deliberately indifferent to the plaintiff's health in relation to his diet, and this court agrees.

The plaintiff next contends that his attempts to file grievances were frustrated by the officer defendants. However, as the Magistrate Judge correctly notes, a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, the officer defendants are entitled to summary judgment on these claims.

As to the plaintiff's claims that he was denied due process during his disciplinary proceedings, the Magistrate Judge finds that the plaintiff has provided no evidence to show that the decision in his April 2012 disciplinary hearing was arbitrary, capricious, or based on some other unlawful motive. *See Sandin v. Connor*, U.S. 515 U.S. 472 (1995). With regard to the March 2011 disciplinary conviction, the Magistrate Judge opines that this claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) because the plaintiff has not shown that his conviction has been invalidated.

The plaintiff's objection memorandum consists of a reassertion of the plaintiff's basic claims with no meaningful discussion of why the Magistrate Judge's analysis is incorrect. The memorandum includes numerous self-serving affidavits by the plaintiff which, once again, do not address the Magistrate Judge's Report and Recommendation.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, the plaintiff's objections are overruled and the defendants' motions for summary judgment (ECF Nos. 39 and 50) are granted. The plaintiff's motion for appointment of counsel (ECF No. 70) and motion for copies (ECF No. 79) are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 11, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge